# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-40129-FDS |
| GRACE C. CARVAJAL and CANTINA BAR & GRILL, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This case involves allegations of cable television signal piracy. Plaintiff J & J Sports Productions, Inc., a programming distributor, has filed a civil action against defendants Grace C. Carvajal and Cantina Bar & Grill, Inc. The complaint alleges that defendants unlawfully obtained access to, and displayed, programming for a boxing match owned by J & J Sports Productions.

Defendant Carvajal has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be denied.

**I.      Background**

Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution rights to the telecast of "Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program" (the "Program"). J & J entered into sublicensing agreements with various commercial entities. J & J contends that the Program was unlawfully shown at the Cantina Bar & Grill, Inc., in Worcester, Massachusetts.

The complaint alleges, and defendants admit, that "[d]efendant Grace C. Carvajal is a natural person who, on information and belief . . . is an owner, and/or manager, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of [Cantina Bar & Grill]." (Complaint ¶ 8).

The complaint also alleges that on November 14, 2009, "every of the above named Defendants and/or their agents, servants, workmen or employees" unlawfully displayed the Program at Cantina Bar & Grill. (Plaintiff's Complaint ¶ 14). The complaint states that this was done "willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." (*Id.* ¶ 15).

The complaint asserts four counts: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of Mass. Gen. Laws ch. 93A §§ 2, 11.

Defendant Carvajal has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss for failure to state a claim upon which relief can be granted. Carvajal contends that the complaint's use of the term "and/or" could mean either Carvajal *or* another party committed the acts, or Carvajal *and* another party committed the acts. Carvajal argues that the failure to allege her direct participation unequivocally is insufficient to plead individual liability as to her.

## II. Analysis

To survive a motion to dismiss, a complaint must plead sufficient facts to raise a right of relief beyond mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Facts are viewed in the light most favorable to the non-moving party and a court can draw all reasonable inferences in that party's favor. *Giragosian v. Bettencourt*, 614 F.3d 25, 27 (1st Cir. 2010). "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative

2

statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). An alternative claim is drafted as an "either-or" pleading. *Schott Motorcycle Supply, Inc. v. American Honda Motor Co.*, 976 F.2d 58, 62 (1st Cir. 1992).

While it is certainly possible for the complaint to have been more precise in its wording, it is nonetheless sufficient to withstand a motion to dismiss. Viewing the facts pleaded as true and drawing reasonable inferences in plaintiff's favor, the complaint could be read to state that Carvajal's personal actions caused the unlawful display of the Program at Cantina. Carvajal contends that plaintiff's use of "and/or" creates two possible factual scenarios, only one of which involves Carvajal's personal participation, and this creates ambiguity. Under Fed. R. Civ. P. 8(d)(2), this form of pleading is permissible and sufficient.

In their memoranda, the parties also dispute whether personal participation by defendant Carvajal is necessary to find a violation of the federal and state statutes at issue. Because the complaint has sufficiently pleaded personal participation, it is unnecessary to address that question at this time.

## III. Conclusion

For the foregoing reasons, defendant Carvajal's motion to dismiss is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 26, 2011